**Michael Turner WHITE,
Plaintiff–Appellant,**

v.

**T.A. PASKIEWICZ; United States
Postal Service, Defendants–
Appellees.**

**No. 03–3461.**

United States Court of Appeals,
Sixth Circuit.

March 12, 2004.

Michael Turner White, #A178–966, Lima, OH, pro se.

Lawrence J. Kiroff, U.S. Attorney's Office, Toledo, OH, for Defendants–Appellees.

Before MERRITT and DAUGHTREY, Circuit Judges; and HOOD, District Judge.*

## ORDER

Michael Turner White, an Ohio prisoner, appeals a district court order denying his motion to amend financial assessment. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

White is incarcerated in the Lima Correctional Institution in Lima, Ohio. The defendants are the United States Postmaster located in Lima, Ohio (T. A.Paskiewicz), and the United States Postal Service. White claims that he attempted to forward mail to Canada with an envelope containing prepaid postage of $3.50. White tendered the mail to the United States Postmaster who returned the envelope with a notice that postage was due in the amount of $2.02. The mail was never forwarded to the addressee.

White filed a writ of replevin in the Lima Municipal Court for the purpose of repossessing the postage from his prepaid mail from the defendants. On August 31, 2001, the defendants filed a notice of removal in federal court, claiming that removal was appropriate pursuant to 28 U.S.C. § 1442.

White filed a timely motion to remand on September 12, 2001. The defendants subsequently filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). The matter was referred to a magistrate judge for a report and recommendation. On April 10, 2002, the magistrate judge issued a report recommending that White's motion to remand be denied, and that the defendants' motion to dismiss be granted. The district court adopted the report and recommendation over White's objections. White filed a motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e). That motion was denied in an order filed August 16, 2002. White then filed a motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b), and the defendants responded. That motion was referred to the magistrate judge who issued a report recommending that the motion be denied. The district court adopted the report and recommendation. Judgment was entered December 27, 2002. White filed a notice of appeal from this judgment on January 13, 2003. The appeal was docketed as appeal No. 03–3310; however, the appeal was dismissed on July 14, 2003 for want of prosecution.

On March 4, 2003, White filed a motion to amend financial assessment seeking exemptions from paying any filing fee. The motion was denied in a marginal entry order on March 10, 2003. The instant appeal is from this order.

On appeal, White argues that the district court violated Fed.R.Civ.P. 58(a) when it denied his motion to amend his financial status in a marginal entry order. White also challenges the order assessing appellate filing fees.

This court typically reviews a district court's denial of a party's motion to amend under the abuse of discretion standard. *See Vild v. Visconsi*, 956 F.2d 560, 565 (6th Cir.1992). Abuse of discretion is "a defi-

---

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

nite and firm conviction that the trial court committed a clear error of judgment." *Davis v. Jellico Cmty. Hosp., Inc.*, 912 F.2d 129, 133 (6th Cir.1990) (internal quotation marks omitted). A court abuses its discretion when it relies on clearly erroneous findings of fact, improperly applies the law, or uses an erroneous legal standard. *Romstadt v. Allstate Ins. Co.*, 59 F.3d 608, 615 (6th Cir.1995).

Upon review, we conclude that the district court did not abuse its discretion when it denied White's motion to amend his financial status in a marginal entry order. The Federal Rules of Civil Procedure do not require a separate document for every disposition of a motion. *See* Fed.R.Civ.P. 58(a)(1)(B).

Finally, contrary to White's claim on appeal, the Prison Litigation Reform Act ("PLRA") does not allow any exemptions to the requirement that an indigent prisoner pay the filing fee over time. This court held in *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1133–34 (6th Cir.1997), that a prisoner must pay the initial partial filing fee when funds become available. *See also, McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir.1997). Further, White's argument that the fee provisions of the PLRA are unconstitutional is without merit. This court has upheld the fee provisions of the PLRA against a number of constitutional challenges. *See Hampton v. Hobbs*, 106 F.3d 1281, 1284–88 (6th Cir. 1997).

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.